IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRESTEN L. SORENSEN and THE ESTATE OF WANDA SORENSEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | C.A. No. 4:15-cv-770 |
| BANKERS LIFE AND CASUALTY COMPANY, JOHN DOE, and JOE DOE, | § § § § | |
| Defendants. | § | |

**BANKERS LIFE AND CASUALTY COMPANY'S
<u>INDEX OF STATE COURT MATTERS</u>**

| | <u>State Court Document</u> | <u>Date Filed</u> |
|---|---|---|
| 1. | Harris County Docket Sheet | 03/19/2015 |
| 2. | Plaintiff's Original Petition & Request for Disclosure and Request for Production (as served on Bankers Life and Casualty Company) | 02/27/2015 |
| 3. | Plaintiff's Original Petition & Request for Disclosure and Request for Production (court record copy) | 02/27/2015 |
| 4. | OCA - Civil Case Information Sheet | 02/27/2015 |
| 5. | Civil Process Pick-Up Form | 03/03/2015 |

Dated: March 24, 2015           Respectfully submitted,

By: /s/ Lance V. Clack _____
      Andrew G. Jubinsky
      Texas Bar No. 11043000
      Fed. I.D. No. 8603
      andy.jubinsky@figdav.com
      **Attorney-in-Charge**

**Of Counsel:**
Lance V. Clack
Texas Bar No. 24040694
Fed. I.D. No. 37085
lance.clack@figdav.com

**FIGARI & DAVENPORT, L.L.P.**
901 Main Street
Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR BANKERS LIFE
AND CASUALTY COMPANY

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on March 24, 2015.

**Via CMRRR:**                        **Via CMRRR:**
Kenneth D. McConnico           Steven A. Wisch
ken@mcconnicolaw.com           swattny@sbcglobal.net
McConnico Law Firm              2701 Louisiana Street
830 Apollo Street                Houston, Texas 77006-3521
Houston, Texas 77058

      /s/ Lance V. Clack _____
      Lance V. Clack

**Harris County Docket Sheet**

# 2015-11706

**COURT:**   190th

**FILED DATE:** 2/27/2015

**CASE TYPE:**   OTHER CIVIL



### SORENSEN, KRISTEN L

**Attorney: MCCONNICO, KENNETH DAVID**

**vs.**

### BANKERS LIFE AND CASUALTY COMPANY

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |



EXHIBIT

1



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**TV / ALL**
**Transmittal Number: 13534621**
**Date Processed: 03/05/2015**

| | |
|---|---|
| **Primary Contact:** | Rita Mennen<br>CNO Financial Group, Inc.<br>11825 N. Pennsylvania Street<br>Carmel, IN 46032 |

| | |
|---|---|
| **Entity:** | Bankers Life and Casualty Company<br>Entity ID Number  2425585 |
| **Entity Served:** | Bankers Life and Casualty Company |
| **Title of Action:** | Kresten L. Sorense vs. Bankers Life and Casualty Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2015-11706 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/04/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Kenneth D. McConnico<br>281-286-7779 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



EXHIBIT
2

RECEIPT NUMBER _____ 0.00
TRACKING NUMBER ___ 73107777 ___ CIV

CAUSE NUMBER ___ 201511706 ___

| | |
|---|---|
| **PLAINTIFF:** SORENSEN, KRISTEN L | **In The** 190th |
| vs. | **Judicial District Court of** |
| **DEFENDANT:** BANKERS LIFE AND CASUALTY COMPANY | **Harris County, Texas** |

### CITATION CORPORATE

**THE STATE OF TEXAS**
County of Harris

TO: BANKERS LIFE AND CASUALTY COMPANY (FOREIGN INSURANCE COMPANY) BY
    SERVING ITS DULY-DESIGNATED ATTORNEY-FOR-SERVICE REGISTERED WITH THE TEXAS
    DEPARTMENT OF INSURANCE: CORPORATION SERVICE COMPANY

    211 EAST 7TH STREET SUITE 620  AUSTIN TX 787013219

Attached is a copy of ___ PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND REQUEST ___.
FOR PRODUCTION

This instrument was filed on the ___ 27th ___ day of ___ February ___, 20 ___ 15 ___, in the
above cited cause number and court. The instrument attached describes the claim against you.

   **YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

   **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___ 27th ___ day of
___ February ___, 20 ___ 15.

Issued at request of:
MCCONNICO, KENNETH DAVID
830 APOLLO LANE
HOUSTON, TX 77058
Tel: (281) 286-7779
Bar Number: 13449000

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

**Generated by:** CUERO, NELSON   7MM//10040654

---

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at_____ o'clock ___.M., endorsed
the date of delivery thereon, and executed it at _____, _____,
                                                              (street address)                              (city)
in _____ County, Texas on the _____ day of _____, 20____, at_____ o'clock ___. M.,
by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)
_____, in person, whose name is _____,
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                          (description of petition, e.g., "Plaintiffs Original")
and with accompanying copies of _____.
                                              (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____                   By: _____
                                              (signature of officer)
                                Printed Name: _____

                                As Deputy for: _____
_____                    (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

                                              _____
                                                      Notary Public

N.INT.CITC.P

2/27/2015 3:25:15 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4318224
By: Nelson Cuero
Filed: 2/27/2015 3:25:15 PM

## 2015-11706 / Court: 190

### CAUSE NO. _____

| | | |
|---|---|---|
| KRESTEN L. SORENSEN. INDIVIDUALLY AND THE ESTATE OF WANDA SORENSEN | § § § | IN  THE  DISTRICT  COURT |
| *Plaintiff,* | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| BANKERS LIFE AND CASUALTY COMPANY, JOHN DOE and JOE DOE, INDIVIDUALLY | § § § § § | (JURY DEMANDED) |
| *Defendants.* | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF **KRESTEN L. SORENSEN, Individually and the ESTATE OF WANDA SORENSEN ("the Estate")** represented by and through **KRESTEN L. SORENSEN,** Independent Executor of the Estate and files this, **ORIGINAL PETITION** complaining of **DEFENDANTS BANKERS LIFE AND CASUALTY COMPANY ("BLACC"), JOHN DOE ("John"), Individually and JOE DOE ("Joe")** and **REQUEST FOR DISCLOSURE, REQUESTS FOR PRODUCTION and INTERROGATORIES TO BLACC** and would show the Court the following:

### I.
### DISCOVERY LEVEL

1.      This is a Discovery Level 3 case pursuant to Tex. R. Civ. P. 190.4.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page 1 of 18

## II.
## JURISDICTION

2.      This Court has jurisdiction because the amount in controversy exceeds this

Court's minimum jurisdictional limit.

## III.
## VENUE

3.      Venue lies in Harris County, Texas because:

(a)     Plaintiff is a resident of Harris County, Texas.

(b)     A substantial portion of the acts and/or omissions of Defendants from

which this lawsuit arises have occurred in Harris County, Texas.

(c )    All and/or a substantial part of the harm sustained by the Estate of Wanda

Sorensen and to Plaintiff, Individually, occurred in Harris County, Texas.

(d)     Defendant actively does business in Harris County, Texas.

(e)     Defendants' wrongful acts and/or omissions have caused harm and/or

damages to Plaintiff in Harris County, Texas.

(f)     Alternatively, without waiving any of the foregoing venue allegations,

venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. &

REM. CODE §15.002 and/or §15.005.

## IV.
## PARTIES

4.      Plaintiff, **KRESTEN L. SORENSEN ("Sorensen")**   is an individual who lives in

Harris County, Texas.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
Plaintiffs' Original Petition, Request for Disclosure and Request for Production

5.    Plaintiff THE ESTATE OF WANDA SORENSEN ("the Estate") is properly represented in this suit by its duly-authorized Independent Executor, Kresten L. Sorensen.

6.    Defendant **BANKERS LIFE AND CASUALTY COMPANY ("BLACC") or "the Insurer")** is a foreign insurance company authorized to do business in the State of Texas.  GAIC is being served with a copy of this lawsuit, notice and citation in this lawsuit by serving its duly-designated Attorney-for-Service registered with the Texas Department of Insurance: <u>Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Travis County, Texas, 78701-3219.</u>

7.    Defendant **JOHN DOE ("John")** is an individual whose legal name is unknown to Plaintiff but whose true name and identity are known to the Insurer.  **JOHN DOE** acted as an authorized agent and/or representative of the Insurer in soliciting, selling and/or marketing the Policy to the late Wanda Sorensen.  Plaintiff states upon information and belief that **JOHN DOE** is an individual who is a resident of the State of Texas.

8.    Defendant **JOE DOE ("Joe")** is an individual whose legal name is unknown to Plaintiff but whose true name and identity are known to the Insurer.  **JOHN DOE** acted as an authorized agent and/or representative of the Insurer in soliciting, selling and/or marketing the Policy to the late Wanda Sorensen.  Plaintiff states upon information and belief that **JOHN DOE** is an individual who is a resident of the State of Texas.

## V.
## BACKGROUND

9.    Plaintiff is the surviving natural son of Wanda Sorensen ("Wanda") who died in Houston, Harris County, Texas on or about June 10, 2013.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

10.     Wanda was 87 years-old at the time of her death.

11.     For many years Wanda was insured under one or more Policies of Long-term Care Insurance by BLACC that the Does represented to her would provide financial security and shield her from substantial expenses if she lost the ability to care for herself as she aged.

12.     Plaintiffs stated upon information and belief that two agents of BLACC solicited and/or marketed and/or promoted and sold the Policy to Wanda in a face-to-face meeting in her home.

13.     At the time of the filing of this lawsuit, Plaintiffs do not know the legal names of the two BLACC agents, whom Plaintiffs believe in Good Faith are Texas residents and for that reason, Plaintiffs have denominated the BLACC agents as **JOHN DOE ("John") and JOE DOE ("Joe")** and intend to substitute the actual individuals as Defendants, by properly suing and serving them after their identities are disclosed through discovery by BLACC.   John and Joe may be collectively referred to as "the Agents."

14.     Sorensen was present when the BLACC's Agents solicited, promoted and/or sold one or more BLACC Policies to Wanda, including but not necessarily limited to what Plaintiff states on Information and Belief was BLACC Policy Number 202,084,267.

15.     Wanda paid BLACC monthly premiums through automatic deductions from her bank account through an authorization that BLACC, acting through the Agents, other BLACC personnel, obtained from Wanda.

16.     Sorensen was close to Wanda, his Mother, consistent with time-honored norms of Decent Conduct. He naturally cared for and loved and honored his Mother.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

17.     In approximately March of 2013, Sorensen realized that his Mother, the late Wanda Sorensen was unable to care for herself, was aware that she had one or more Policies of Insurance, including but perhaps not limited to a Policy of Long-term Care Insurance with BLACC , in an effort to assist his Mother, Wanda Sorensen, the Insured, to obtain benefits.

18.     Despite Sorensen's inquiry and/or inquiries to it, BLACC failed to assist him in obtaining needed Long-term Care benefits for his Mother, whose medical condition progressively deteriorated over a period of time until her death on or about June 10, 2013 in Harris County, Texas.

19.     In late May of 2013, BLACC wrote Wanda, whose medical condition was severely impaired, claiming that it had canceled her BLACC Long-term Care Policy for non-payment of premiums on or about January 25, 2007.

20.     Sorensen states upon Information and Belief that Wanda her bank to allow BLACC to make automatic monthly withdrawals of her premium payments and that Wanda's bank account had sufficient funds in it to cover monthly premium payments.

21.     Alternatively, without waiving any of the foregoing, Sorenson states, based upon Information and Belief, that BLACC failed to provide Wanda with Notice of Cancellation of her BLACC Long-Term Care Policy as required by V.T.C.A., Insurance Code § 551.053 not later than the tenth day prior to BLACC's purported claim and/or assertion that Wanda's BLACC Long-term Care Policy was cancelled for nonpayment of premium or any other reason.

22.     Because BLACC failed to provide Wanda with the Long-term Care benefits she was entitled to under her BLACC Long-term Care Policy, Wanda's condition

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
Plaintiffs' Original Petition, Request for Disclosure and Request for Production

Page 5 of 18

deteriorated and Sorensen cared for his Mother, doing his best to care for her but unable to provide her with the type of skilled care that she would have been provided had BLACC provided her benefits to which she was entitled under her BLACC Long-term Insurance Policy and/or other BLACC Policies.

23.   Sorensen sustained substantial physical distress and substantial mental anguish proximately caused or that were a producing cause of BLACC's wrongful acts and/or omissions.

24.   Both Wanda and Sorensen relied upon the representations made by John Doe and Joe Doe, BLACC's authorized agents, or Insurance Agents with BLACC's ostensible authority, that BLACC's Long-term Care Policy would provide benefits to Wanda.

25.   The misrepresentations of BLACC and John Doe and/or Joe Doe, acting as BLACC's authorized agents and/or representatives were material and were relied upon to the determent of both Wanda and Sorensen.

## VI.
## FIRST CLAIM FOR RELIEF
## COMMON LAW FRAUD

26.   Plaintiff would show the Court and Jury that acting through its agents, servants and/or employees, including but not limited to John Doe and Joe Doe, BLACC and John Doe and Joe Doe committed the tort of common law Fraud against both Wanda, now represented by the Estate of which Sorensen is Independent Executor and Sorensen, Individually.

27.   Plaintiffs incorporate by reference all of the facts pleaded in ¶9 through in ¶27, *supra.*

28.   Based upon misrepresentations of John Doe and Joe Doe, that Wanda would be

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
Plaintiffs' Original Petition, Request for Disclosure and Request for Production

Page 6 of 18

protected and received benefits of her BLACC Long-term Care Policy, Wanda relied upon the misrepresentations of John Doe, Joe Doe, as authorized agents of BLACC and/or promotional advertising, brochures and/or other marketing materials disseminated by BLACC, to her detriment and thus John Doe, Joe Doe and BLACC, acting separately or together, or in any combination, committed the Tort of Common Law Fraud against Wanda.

29.     As a proximate and/or producing cause of Defendants wrongful acts and/or omissions as set out above, or that are now unknown to Plaintiffs but are reasonably likely to be identified through Discovery in this lawsuit, both Wanda and Sorenson suffered substantial damages that exceed this Court's minimum jurisdictional limit.

### VII.
### SECOND CLAIM FOR RELIEF
### DEFENDANTS' FRAUDULENT INDUCEMENT

30.   Plaintiffs would show the Court that both Wanda and Sorensen suffered damages that are clearly distinct from the losses recoverable for a Breach of Contract.   Wanda and Sorensen suffered substantial agony, physical harm, loss of personal dignity, pain, and human degradation due to the wrongful conduct of Defendants as set out in this pleading.

31.   Plaintiffs would show the Court and Jury that the misrepresentations made by Defendants were false, and were made with knowledge of their falsity and/or the intent to deceive Wanda and/or Sorensen and/or that Defendants, either acting separately, together or in any combination engaged in a sustained pattern of conduct relating to Wanda and other similarly situated Insureds of BLACC for Long-term Care Policies that demonstrate that Defendants, acting separately, together or in any combination made

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page **7** of **18**

false representations to Wanda and other similarly situated Insureds of BLACC Long-term Care Policies as to demonstrate Defendants and/or BLACC's intent to deceive or oversell Long-term Care Policies to Wanda and similarly-situated BLACC Insureds. wrongful conduct.

## VIII.
### THIRD CLAIM FOR RELIEF
### BLACC'S BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

32.    Plaintiffs would show the Court and Jury that Defendant BLACC violated its common law Duty of Good Faith and Fair Dealing as set out in this pleading. Defendant's breach of its common law Duty of Good Faith and Fair Dealing included but not limited to its Breach of Contract by failing to provide Wanda with benefits under her BLACC Policy and/or Policies.

## IX.
### THIRD CLAIM FOR RELIEF
### BLACC'S BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

33.    Plaintiffs would show the Court and Jury that BLACC breached its Policy and/or Policies with Wanda by failing to provide her benefits to which she was entitled under her BLACC Policy and/or Policies.

## X.
### FOURTH CLAIM FOR RELIEF
### BLACC'S BREACH OF CONTRACT

34.    Alternatively, without waiving any of their other claims in this suit, Plaintiffs would show the Court and Jury that BLACC materially and substantially breached their Insurance Contracts with Wanda Sorensen and that BLACC's material and substantial breach and/or breaches of their Insurance Contracts with Mrs. Sorensen caused the

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
Plaintiffs' Original Petition, Request for Disclosure and Request for Production

Page 8 of 18

loss of the Policy benefits, consequential damages in excess of the minimum

jurisdictional limits of this Court and that due to the material and substantial breach

and/or breaches of the Insurance Policy and/or Policies with Mrs. Sorensen.

**XI.**
**FIFTH CLAIM FOR RELIEF**
**VIOLATIONS OF TEXAS DECPETIVE TRADE PRACTICES ACT BY**
**JOHN DOE, JOE DOE AND BLACC**

35. Defendants, acting separately, together, or in any combination committed violations

of statutory and common law duties, and breaches of contract and warranty, as

following provisions of the Texas Deceptive Trade Practices Act:

**VIOLATIONS OF STATUTE:**

    **Texas Insurance Code**

    **Texas Deceptive Trade Practices Act**

        a) Tex. Bus. & Comm. Code § 17.50(a)(1);

        b) Tex. Bus. & Comm. Code § 17.46(b), subparts (2), (3), (4), (5), (7),

           (8), (9), (11), (12), (14), (19) and (23);

        c) Tex. Bus. & Comm. Code § 17.50(a)(2);

        d) Tex. Bus. & Comm. Code § 17.50(a)(3);

        e) Tex. Bus. & Comm. Code § 17.50(a)(4);

        f) Tex. Bus. & Comm. Code § 17.50(a)(4) incorporating Tex. Rev.

           Civ. Stat., Insurance Code and prohibitions of false, misleading or

           deceptive conduct in Tex. Bus. & Comm. Code § 17.46(a);

        g) ex. Bus. & Comm. Code § 17.50(a)(4) applying Texas Revised Civil

           Statutes, Insurance Code, 28 Tex. Admin. Code § 21.3(b) (formerly

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
Plaintiffs' Original Petition, Request for Disclosure and Request for Production

Page 9 of 18

Texas Ins. Bd. Order 18663 § 4(b)) and the common law duty of good faith and fair dealing established by the Texas Supreme Court; and

h) Representing goods or services have sponsorship, characteristics, approval, uses, or benefits, but do not;

i) Representing that an agreement confers rights, or obligations which

j) Violations of the Texas Insurance Code, as set out in ¶ XII *infra*, herein incorporated by reference.

36.     Plaintiffs DTPA claims are being filed pursuant to V.T.C.A., Bus. & C.§ 17.505 (b) to protect Plaintiffs' right to pursue these claims pursuant to Law.

## XII.
## SIXTH CLAIM FOR RELIEF
## VIOLATIONS OF TEXAS INSURANCE CODE

37.     Plaintiffs would show the Court and Jury that Defendants acts and/or omissions, whether engaged in separately, individually, together or in any combination, violated statutory prohibitions of the Texas Insurance Code proscribing Unfair Methods of Competition and Deceptive Acts of Defendants as they are actively engaged and/or were actively engaged in the Business of Insurance in the State of Texas at all times relating to the events pled in this lawsuit.

38.   The acts and/or omissions of Defendants, separately, together or in any combination and/or with any unknown Third Parties, violated the following provisions of V.T.C.A., Insurance Code § 541.051(1) by making misrepresentations and/or false and/or misleading statements, including but not necessarily limited to the following acts and/or omissions:

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
Plaintiffs' Original Petition, Request for Disclosure and Request for Production

a)    The terms of the Policy or Policies in violation of § 541.051 (1) (A);

b)    The benefits or advantages promised by the Policy and/or Policies;

39.    Plaintiffs would show that Defendants violated § 541.059 by circulating, promoting and marketing the Policy and/or Policies in a manner that misrepresented to Plaintiffs that the Policy and/or Policies would provide meaningful benefits to Wanda Sorensen; misrepresented that by purchasing the Policy and/or Policies Wanda Sorensen and her Family, including Sorensen would be shielded and protected by the Policy and/or Policies by using false, deceptive and/or misleading advertising, slogans and/or promotions in the sale and/or marketing of the Policy and/or Policies.

## XIII.
## DTPA & INSUANCE CODE VIOLATIONS MADE KNOWINGLY AND/OR INTENTIONALLY

40.    Plaintiffs would show the Court and Jury that each and every violation by Defendants, whether committed separately, together, or in any combination, of the Texas Deceptive Trade Practices and and/or Insurance Code, as set out above, were made knowingly and/or intentionally.

41.    Upon a finding that Defendants' violations of the DTPA and/or Insurance Code were committed Intentionally and or Knowingly, Plaintiffs should be awarded enhanced and/or multiple and/or treble damages pursuant to Texas Law.

## XIV.
## CAUSATION

42.    Plaintiff would the Court and Jury that each and ever act, omission and/or breach of Defendants, whether committed individually, in combination, or jointly, constitutes a

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
Plaintiffs' Original Petition, Request for Disclosure and Request for Production

Page **11** of **18**

proximate and/or producing cause of all of Plaintiffs' damages.

43.     Each and every breach by Defendants as set out in this pleading were duties to Plaintiffs, were material and substantial, and whether taken individually, or in any combination, constitute a repudiation of the Policy by Defendants and entitle Plaintiffs to judgment for all sums due and owing to him under the Policy, past, present and future and additional damages that are cumulative under Texas law.

**XV.**
**DAMAGES**

44.     As a proximate and producing cause of Defendants' conduct, whether committed separately, together, or in any combination between them and/or other unknown Third Parties, Plaintiffs have suffered damages and losses in the past and, in reasonable probability, are expected to suffer further damages and losses in the future. Plaintiffs seek compensation for the following elements of special damage, both past and future:

    a)     The full amount of all policy benefits wrongfully withheld;

    b)     All consequential damages that naturally and normally flowed from Defendants delictions;

    c)     Enhanced damages as set out in ¶ XII, *supra*, incorporated by reference herein;

    d)     Sorensen's mental anguish and appropriate compensation for performing the services for the late Wanda Sorensen that should have been afforded her via the benefits of the Policy and/or Policies;

    e)     Lost interest or appreciation on monies or assets used to satisfy costs or obligations, which should have been paid under the policy, or resulting

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
Plaintiffs' Original Petition, Request for Disclosure and Request for Production

Page **12** of **18**

from the failure to pay claims under the policy in a timely manner;

f)      Exemplary damages in a minimum amount of $200,000.00 (Two Hundred

Thousand Dollars.

## XVI.
## JOINT AND SEVERAL LIABILITY

45.    Plaintiffs would show the Court and/or Jury that Defendants are jointly and

severally liable for all of their damages as set out in this lawsuit.

## XVII.
## REQUEST FOR DISCLOSURE

46.    Pursuant to Tex. R. Civ. P. 194, Plaintiff now requests that Defendant disclose

within fifty (50) days of service of this lawsuit, the information or materials described in

Tex. R. Civ. P. 194.2 (a), (b), (c), (d), (e), (f)(1), (f)(2), (f)(3), (f)(4) (A) and (B); (g), (h),

(i) and (l).

47.    Pursuant to Rule 190.2 (b)(6), Plaintiff now requests that within 50 days of being

served with this lawsuit, Defendant disclose and provide Plaintiff's Attorney-in-Charge

with copies of all documents, electronic information and tangible evidence in the care,

custody or control of Defendant that support its claims or defenses in this lawsuit.

Defendant has within its care, custody and/or control that support it as expressly stated

in Rule 190.2, this Request for Disclosure of the aforementioned documents, electronic

information and items of tangible evidence that support Defendant's claims or defenses

in this lawsuit.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page **13** of **18**

## XVIII.
## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

48.     Pursuant to Tex. R. Civ. P. 196.2 (a), Plaintiffs now serve Defendants with the following, their First Requests for Production, to be responded to within 50 days of Defendants after service of this pleading and First Requests for Production:

(a)     True and correct and complete copies of each and every Policy of Insurance that BLACC sold and/or issued to Wanda Sorensen;

(b)     A true and complete copy of BLACC's underwriting file and or files for each and every Policy and or Policies of Insurance that BLACC sold and/or issued to Wanda Sorensen.

(c)     A complete copy of all tangible evidence reflecting all payments collected by BLACC for premium payments for any Policy or Policies of Insurance that BLACC collected through any form of payment from Wanda Sorensen, including but not limited to tangible records of automatic payments that BLACC received from any bank account, checking account, credit card account or any other financial institution through which BLACC collected automatic premium payments for any Policy and or Policies of Insurance that BLACC sold to Wanda Sorensen through any agent, servant and/or employee;

(d)     True and correct copy of each and every agreement(s) that BLACC had with any individual and/or individuals who sold and/or marketed any Policy and/or Policies of Insurance to Wanda Sorensen;

(e)     A complete copy of each and every letter that BLACC sent to Wanda Sorensen

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page **14** of **18**

relating to each Policy and/or Policies of Insurance BLACC sold and/or issued to Wanda Sorensen;

(f)    A copy of all tangible evidence reflecting payment to any agent or agents, denominated in this lawsuit as John Doe and Joe Doe for commission payments made by BLACC to "John Doe," "Joe Doe" and/or each and every individual who received commissions or any other form of payment from BLACC for the sale of any Policy and/or Policies of BLACC Insurance to Wanda Sorensen;

(g)    A true and correct copy of each and every electronic communication, e-mail, correspondence, e-mail, or any other form of communication from BLACC resulting from inquiries by Sorensen or any individual acting on Sorensen's behalf relating to his inquiries about any Policy or Policies of Insurance that BLACC sold and or issued to Wanda Sorensen.

(h)    A complete copy of each and every claims file, whether in paper and/or a printout of claims file materials stored in electronic format relating to Wanda Sorensen's claims for BLACC Insurance benefits;

(i)    A true and correct copy of any correspondence that BLACC claims that it sent Wanda Sorensen providing her with notifications relating to any BLACC Policy of Insurance or Policies of Insurance issued by BLACC to Wanda Sorensen;

(j)    A complete true and correct copy of any proof of mailing of correspondence that BLACC claims it or its agents, servants and/or employees mailed to

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page 15 of 18

Wanda Sorensen relating to Notice of Cancellation of any Policy and/or
Policies of Insurance BLACC issued to Wanda L. Sorensen;

(k)     A copy of BLACC's log or other record reflecting mailing of notices of intent to
cancel or notices of cancellation  to Wanda Sorensen of any Policy and/or
Policies of Insurance issued to her by BLACC;

(l)     A complete copy of all applications, automatic financial institution premium
payment authorizations that Wanda Sorensen signed and/or provided BLACC
for payment of any BLACC Policy and/or Policies of Insurance sold and/or
marketed to her by BLACC and/or John Doe and/or Joe Doe or any other
agent, servant and/or employee of BLACC.

(m)      A true and correct copy of any and all brochures, or marketing materials that
that John Doe and/or Joe Doe or any BLACC agent, servant and/or employee
or BLACC delivered, gave, mailed or disseminated to Wanda Sorensen about
the benefits and/or protection Wanda Sorensen would be afforded by
purchasing any Policy and/or Policies of Insurance from BLACC or any of its
agents, servants and/or employees.

(n)     A true and correct copy of any recorded statement from Sorensen, Wanda
Sorensen or any other individual in the care, custody and/or control of BLACC
relating to any Policy of Insurance issued to Wanda Sorensen by BLACC, or
any effort by Sorensen to obtain benefit or information about Wanda
Sorensen's BLACC Policy or Policies issued to Wanda Sorensen and a
transcript of any recorded statement of Wanda Sorensen, Sorensen or any
agent of the State of Texas who investigated matters relating to Wanda

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request  for Disclosure and Request for Production*

Page **16** of **18**

Sorensen's BLACC Policy or Policies;

(o)   A true and correct copy of any tangible evidence showing that Wanda

Sorensen's bank and or any financial institution authorized by her to

make automatic monthly premium payments for her BLACC Policy

or Policies notified BLACC that Mrs. Sorensen's financial institution

bank or checking account had insufficient funds on deposit to make

one or more monthly premium payment(s) and notifications from

BLACC to Mrs. Sorensen that her bank or financial institution had

Insufficient funds on deposit to make one or more automatic monthly

premium payments.

(p)   BLACC's computations and worksheets, whether in electronic or

through hand calculations reflecting the formula, including any

computations for interest relating to its offer to refund premiums paid by

Wanda Sorensen to BLACC for premium payments made by her to

BLACC;

## XIX
## PRAYER

49.   Plaintiff prays that Notice and Citation issue upon Defendants and upon final

hearing or trial in this cause, Plaintiff have judgment against Defendants, Jointly and

Severally, for all of their damages, including Punitive Damages in the minimum amount

of $200,000.00 (Two Hundred Thousand Dollars) as provided by Law;

50.   That Defendants fully respond to Plaintiffs Requests for Disclosure and First

Request for Production within 50 days of being served with Notice and Citation and

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page **17** of **18**

a copy of this pleading.

51.   That Plaintiffs have a Trial by Jury in this lawsuit and that the Court note on its

Docket Sheet that a Jury Fee is being paid at the time of the filing of this lawsuit;

52.   That Plaintiffs be awarded reasonable and necessary attorney's fees and costs for

the prosecution of this lawsuit for Defendants' breach of contract and violations of the

Texas Deceptive Trade Practices Act;

53.   That the Court grant Plaintiffs any and all other relief to which they may be justly

Entitled at Law or in Equity.


Respectfully submitted,


_s/s Kenneth D. McConnico_
KENNETH D. McCONNICO
McCONNICO LAW FIRM
STATE BAR NO. 13449000
830 APOLLO STREET
HOUSTON, TEXAS 77058
PHONE:  281-286-7779
FAX: 281-286-9990


STEVEN A. WISCH
STATE BAR NO. 21802900
2701 LOUISIANA STREET
HOUSTON, TEXAS 77006-3521
PHONE:  713-882-3030
FAX:  713-523-4150

ATTORNEYS FOR PLAINTIFFS


*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page 18 of 18

2/27/2015 3:25:15 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4318224
By: Nelson Cuero
Filed: 2/27/2015 3:25:15 PM

## 2015-11706 / Court: 190

### CAUSE NO. _____

| | | |
|---|---|---|
| **KRESTEN L. SORENSEN. INDIVIDUALLY AND THE ESTATE OF WANDA SORENSEN** | § | IN  THE  DISTRICT  COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| **BANKERS LIFE AND CASUALTY COMPANY, JOHN DOE and JOE DOE, INDIVIDUALLY** | § | |
| | § | (JURY DEMANDED) |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF **KRESTEN L. SORENSEN, Individually and the ESTATE OF WANDA SORENSEN ("the Estate")** represented by and through **KRESTEN L. SORENSEN,** Independent Executor of the Estate and    files this, **ORIGINAL PETITION** complaining of **DEFENDANTS BANKERS LIFE AND CASUALTY COMPANY ("BLACC"), JOHN DOE ("John"), Individually and JOE DOE ("Joe") and REQUEST FOR DISCLOSURE, REQUESTS FOR PRODUCTION and INTERROGATORIES TO BLACC** and would show the Court the following:

### I.
### DISCOVERY LEVEL

1.      This is a Discovery Level 3 case pursuant to Tex. R. Civ. P. 190.4.



*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production

Page **1** of 18

Certified Document Number: 64435945 - Page 1 of 18

**II.**
**JURISDICTION**

2.    This Court has jurisdiction because the amount in controversy exceeds this Court's minimum jurisdictional limit.

**III.**
**VENUE**

3.    Venue lies in Harris County, Texas because:

(a)    Plaintiff is a resident of Harris County, Texas.

(b)    A substantial portion of the acts and/or omissions of Defendants from which this lawsuit arises have occurred in Harris County, Texas.

(c )    All and/or a substantial part of the harm sustained by the Estate of Wanda Sorensen and to Plaintiff, Individually, occurred in Harris County, Texas.

(d)    Defendant actively does business in Harris County, Texas.

(e)    Defendants' wrongful acts and/or omissions have caused harm and/or damages to Plaintiff in Harris County, Texas.

(f)    Alternatively, without waiving any of the foregoing venue allegations, venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002 and/or §15.005.

**IV.**
**PARTIES**

4.    Plaintiff, **KRESTEN L. SORENSEN ("Sorensen")**    is an individual who lives in Harris County, Texas.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production

5.     Plaintiff THE ESTATE OF WANDA SORENSEN ("the Estate") is properly represented in this suit by its duly-authorized Independent Executor, Kresten L. Sorensen.

6.     Defendant **BANKERS LIFE AND CASUALTY COMPANY ("BLACC") or "the Insurer")** is a foreign insurance company authorized to do business in the State of Texas.  GAIC is being served with a copy of this lawsuit, notice and citation in this lawsuit by serving its duly-designated Attorney-for-Service registered with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Travis County, Texas, 78701-3219.**

7.     Defendant **JOHN DOE ("John")** is an individual whose legal name is unknown to Plaintiff but whose true name and identity are known to the Insurer.  **JOHN DOE** acted as an authorized agent and/or representative of the Insurer in soliciting, selling and/or marketing the Policy to the late Wanda Sorensen.  Plaintiff states upon information and belief that **JOHN DOE** is an individual who is a resident of the State of Texas.

8.      Defendant **JOE DOE ("Joe")** is an individual whose legal name is unknown to Plaintiff but whose true name and identity are known to the Insurer.  **JOHN DOE** acted as an authorized agent and/or representative of the Insurer in soliciting, selling and/or marketing the Policy to the late Wanda Sorensen.  Plaintiff states upon information and belief that **JOHN DOE** is an individual who is a resident of the State of Texas.

### V.
### BACKGROUND

9.     Plaintiff is the surviving natural son of Wanda Sorensen ("Wanda") who died in Houston, Harris County, Texas on or about June 10, 2013.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 *Plaintiffs' Original Petition, Request  for Disclosure and Request for Production*

Page **3** of **18**

Certified Document Number: 64435945 - Page 3 of 18

10.     Wanda was 87 years-old at the time of her death.

11.     For many years Wanda was insured under one or more Policies of Long-term Care Insurance by BLACC that the Does represented to her would provide financial security and shield her from substantial expenses if she lost the ability to care for herself as she aged.

12.     Plaintiffs stated upon information and belief that two agents of BLACC solicited and/or marketed and/or promoted and sold the Policy to Wanda in a face-to-face meeting in her home.

13.     At the time of the filing of this lawsuit, Plaintiffs do not know the legal names of the two BLACC agents, whom Plaintiffs believe in Good Faith are Texas residents and for that reason, Plaintiffs have denominated the BLACC agents as **JOHN DOE ("John") and JOE DOE ("Joe")** and intend to substitute the actual individuals as Defendants, by properly suing and serving them after their identities are disclosed through discovery by BLACC.   John and Joe may be collectively referred to as "the Agents."

14.     Sorensen was present when the BLACC's Agents solicited, promoted and/or sold one or more BLACC Policies to Wanda, including but not necessarily limited to what Plaintiff states on Information and Belief was BLACC Policy Number 202,084,267.

15.     Wanda paid BLACC monthly premiums through automatic deductions from her bank account through an authorization that BLACC, acting through the Agents, other BLACC personnel, obtained from Wanda.

16.     Sorensen was close to Wanda, his Mother, consistent with time-honored norms of Decent Conduct.  He naturally cared for and loved and honored his Mother.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request  for Disclosure and Request for Production*

Page **4** of **18**

Certified Document Number: 64435945 - Page 4 of 18

17.    In approximately March of 2013, Sorensen realized that his Mother, the late Wanda Sorensen was unable to care for herself, was aware that she had one or more Policies of Insurance, including but perhaps not limited to a Policy of Long-term Care Insurance with BLACC , in an effort to assist his Mother, Wanda Sorensen, the Insured, to obtain benefits.

18.    Despite Sorensen's inquiry and/or inquiries to it, BLACC failed to assist him in obtaining needed Long-term Care benefits for his Mother, whose medical condition progressively deteriorated over a period of time until her death on or about June 10, 2013 in Harris County, Texas.

19.    In late May of 2013, BLACC wrote Wanda, whose medical condition was severely impaired, claiming that it had canceled her BLACC Long-term Care Policy for non-payment of premiums on or about January 25, 2007.

20.    Sorensen states upon Information and Belief that Wanda her bank to allow BLACC to make automatic monthly withdrawals of her premium payments and that Wanda's bank account had sufficient funds in it to cover monthly premium payments.

21.    Alternatively, without waiving any of the foregoing, Sorenson states, based upon Information and Belief, that BLACC failed to provide Wanda with Notice of Cancellation of her BLACC Long-Term Care Policy as required by V.T.C.A., Insurance Code § 551.053 not later than the tenth day prior to BLACC's purported claim and/or assertion that Wanda's BLACC Long-term Care Policy was cancelled for nonpayment of premium or any other reason.

22.    Because BLACC failed to provide Wanda with the Long-term Care benefits she was entitled to under her BLACC Long-term Care Policy, Wanda's condition

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page **5** of 18

deteriorated and Sorensen cared for his Mother, doing his best to care for her but unable to provide her with the type of skilled care that she would have been provided had BLACC provided her benefits to which she was entitled under her BLACC Long-term Insurance Policy and/or other BLACC Policies.

23.   Sorensen sustained substantial physical distress and substantial mental anguish proximately caused or that were a producing cause of BLACC's wrongful acts and/or omissions.

24.   Both Wanda and Sorensen relied upon the representations made by John Doe and Joe Doe, BLACC's authorized agents, or Insurance Agents with BLACC's ostensible authority, that BLACC's Long-term Care Policy would provide benefits to Wanda.

25.   The misrepresentations of BLACC and John Doe and/or Joe Doe, acting as BLACC's authorized agents and/or representatives were material and were relied upon to the determent of both Wanda and Sorensen.

## VI.
## FIRST CLAIM FOR RELIEF
## COMMON LAW FRAUD

26.   Plaintiff would show the Court and Jury that acting through its agents, servants and/or employees, including but not limited to John Doe and Joe Doe, BLACC and John Doe and Joe Doe committed the tort of common law Fraud against both Wanda, now represented by the Estate of which Sorensen is Independent Executor and Sorensen, Individually.

27.   Plaintiffs incorporate by reference all of the facts pleaded in ¶9 through in ¶27, *supra.*

28.    Based upon misrepresentations of John Doe and Joe Doe, that Wanda would be

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production

Page **6** of 18

Certified Document Number: 64435945 - Page 6 of 18

protected and received benefits of her BLACC Long-term Care Policy,  Wanda relied upon the misrepresentations of John Doe, Joe Doe, as authorized agents of BLACC and/or promotional advertising, brochures and/or other marketing materials disseminated by BLACC, to her detriment and thus John Doe, Joe Doe and BLACC, acting separately or together, or in any combination, committed the Tort of Common Law Fraud against Wanda.

29.    As a proximate and/or producing cause of Defendants wrongful acts and/or omissions as set out above, or that are now unknown to Plaintiffs but are reasonably likely to be identified through Discovery in this lawsuit, both Wanda and Sorenson suffered substantial damages that exceed this Court's minimum jurisdictional limit.

### VII.
### SECOND CLAIM FOR RELIEF
### DEFENDANTS' FRAUDULENT INDUCEMENT

30.   Plaintiffs would show the Court that both Wanda and Sorensen suffered damages that are clearly distinct from the losses recoverable for a Breach of Contract.   Wanda and Sorensen suffered substantial agony, physical harm, loss of personal dignity, pain, and human degradation due to the wrongful conduct of Defendants as set out in this pleading.

31.    Plaintiffs would show the Court and Jury that the misrepresentations made by Defendants were false, and were made with knowledge of their falsity and/or the intent to deceive Wanda and/or Sorensen and/or that Defendants, either acting separately, together or in any combination engaged in a sustained pattern of conduct relating to Wanda and other similarly situated Insureds of  BLACC for Long-term Care Policies that demonstrate that Defendants, acting separately, together or in any combination made

Certified Document Number: 64435945 - Page 7 of 18

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 *Plaintiffs' Original Petition, Request  for Disclosure and Request for Production*

Page **7** of **18**

false representations to Wanda and other similarly situated Insureds of BLACC Long-term Care Policies as to demonstrate Defendants and/or BLACC's intent to deceive or oversell Long-term Care Policies to Wanda and similarly-situated BLACC Insureds. wrongful conduct.

## VIII.
## THIRD CLAIM FOR RELIEF
## BLACC'S BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

32.    Plaintiffs would show the Court and Jury that Defendant BLACC violated its common law Duty of Good Faith and Fair Dealing as set out in this pleading. Defendant's breach of its common law Duty of Good Faith and Fair Dealing included but not limited to its Breach of Contract by failing to provide Wanda with benefits under her BLACC Policy and/or Policies.

## IX.
## THIRD CLAIM FOR RELIEF
## BLACC'S BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

33.    Plaintiffs would show the Court and Jury that BLACC breached its Policy and/or Policies with Wanda by failing to provide her benefits to which she was entitled under her BLACC Policy and/or Policies.

## X.
## FOURTH CLAIM FOR RELIEF
## BLACC'S BREACH OF CONTRACT

34.    Alternatively, without waiving any of their other claims in this suit, Plaintiffs would show the Court and Jury that BLACC materially and substantially breached their Insurance Contracts with Wanda Sorensen and that BLACC's material and substantial breach and/or breaches of their Insurance Contracts with Mrs. Sorensen caused the

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page **8** of **18**

Certified Document Number: 64435945 - Page 8 of 18

loss of the Policy benefits, consequential damages in excess of the minimum jurisdictional limits of this Court and that due to the material and substantial breach and/or breaches of the Insurance Policy and/or Policies with Mrs. Sorensen.

## XI.
## FIFTH CLAIM FOR RELIEF
## VIOLATIONS OF TEXAS DECPETIVE TRADE PRACTICES ACT BY JOHN DOE, JOE DOE AND BLACC

35. Defendants, acting separately, together, or in any combination committed violations of statutory and common law duties, and breaches of contract and warranty, as following provisions of the Texas Deceptive Trade Practices Act:

**VIOLATIONS OF STATUTE:**

**Texas Insurance Code**

**Texas Deceptive Trade Practices Act**

     a) Tex. Bus. & Comm. Code § 17.50(a)(1);

     b) Tex. Bus. & Comm. Code § 17.46(b), subparts (2), (3), (4), (5), (7), (8), (9), (11), (12), (14), (19) and (23);

     c) Tex. Bus. & Comm. Code § 17.50(a)(2);

     d) Tex. Bus. & Comm. Code § 17.50(a)(3);

     e) Tex. Bus. & Comm. Code § 17.50(a)(4);

     f) Tex. Bus. & Comm. Code § 17.50(a)(4) incorporating Tex. Rev. Civ. Stat., Insurance Code and prohibitions of false, misleading or deceptive conduct in Tex. Bus. & Comm. Code § 17.46(a);

     g) ex. Bus. & Comm. Code § 17.50(a)(4) applying Texas Revised Civil Statutes, Insurance Code, 28 Tex. Admin. Code § 21.3(b) (formerly

Certified Document Number: 64435945 - Page 9 of 18

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production

Page **9** of 18

Texas Ins. Bd. Order 18663 § 4(b) and the common law duty of good faith and fair dealing established by the Texas Supreme Court; and

h) Representing goods or services have sponsorship, characteristics, approval, uses, or benefits, but do not;

i) Representing that an agreement confers rights, or obligations which

j) Violations of the Texas Insurance Code, as set out in ¶ XII *infra,* herein incorporated by reference.

36.    Plaintiffs DTPA claims are being filed pursuant to V.T.C.A., Bus. & C.§ 17.505 (b) to protect Plaintiffs' right to pursue these claims pursuant to Law.

**XII.**
**SIXTH CLAIM FOR RELIEF**
**VIOLATIONS OF TEXAS INSURANCE CODE**

37.    Plaintiffs would show the Court and Jury that Defendants acts and/or omissions, whether engaged in separately, individually, together or in any combination, violated statutory prohibitions of the Texas Insurance Code proscribing Unfair Methods of Competition and Deceptive Acts of Defendants as they are actively engaged and/or were actively engaged in the Business of Insurance in the State of Texas at all times relating to the events pled in this lawsuit.

38.   The acts and/or omissions of Defendants, separately, together or in any combination and/or with any unknown Third Parties, violated the following provisions of V.T.C.A., Insurance Code § 541.051(1) by making misrepresentations and/or false and/or misleading statements, including but not necessarily limited to the following acts and/or omissions:

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production
Page **10** of 18

a)      The terms of the Policy or Policies in violation of § 541.051 (1) (A);

b)      The benefits or advantages promised by the Policy and/or Policies;

39.     Plaintiffs would show that Defendants violated § 541.059 by circulating, promoting and marketing the Policy and/or Policies in a manner that misrepresented to Plaintiffs that the Policy and/or Policies would provide meaningful benefits to Wanda Sorensen; misrepresented that by purchasing the Policy and/or Policies Wanda Sorensen and her Family, including Sorensen would be shielded and protected by the Policy and/or Policies by using false, deceptive and/or misleading advertising, slogans and/or promotions in the sale and/or marketing of the Policy and/or Policies.

### XIII.
### DTPA & INSUANCE CODE VIOLATIONS MADE KNOWINGLY AND/OR INTENTIONALLY

40.     Plaintiffs would show the Court and Jury that each and every violation by Defendants, whether committed separately, together, or in any combination, of the Texas Deceptive Trade Practices and and/or Insurance Code, as set out above, were made knowingly and/or intentionally.

41.     Upon a finding that Defendants' violations of the DTPA and/or Insurance Code were committed Intentionally and or Knowingly, Plaintiffs should be awarded enhanced and/or multiple and/or treble  damages pursuant to Texas Law.

### XIV.
### CAUSATION

42.     Plaintiff would the Court and Jury that each and ever act, omission and/or breach of Defendants, whether committed individually, in combination, or jointly, constitutes a

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request  for Disclosure and Request for Production*

Page **11** of 18

proximate and/or producing cause of all of Plaintiffs' damages.

43.     Each and every breach by Defendants as set out in this pleading  were

duties to Plaintiffs, were material and substantial, and whether taken individually, or in

any combination, constitute a repudiation of the Policy by Defendants and entitle

Plaintiffs to judgment for all sums due and owing to him under the Policy, past, present

and future and additional damages that are cumulative under Texas law.

## XV.
## DAMAGES

44.     As a proximate and producing cause of Defendants' conduct, whether committed

separately, together, or in any combination between them and/or other unknown Third

Parties, Plaintiffs have suffered damages and losses in the past and, in reasonable

probability, are expected to suffer further damages and losses in the future. Plaintiffs

seek compensation for the following elements of special damage, both past and future:

a)      The full amount of all policy benefits wrongfully withheld;

b)      All consequential damages that naturally and normally flowed from
        Defendants delictions;

c)      Enhanced damages as set out in ¶ XII, *supra*, incorporated by reference
        herein;

d)      Sorensen's mental anguish and appropriate compensation for performing
        the services for the late Wanda Sorensen that should have been afforded
        her via the benefits of the Policy and/or Policies;

e)      Lost interest or appreciation on monies or assets used to satisfy costs or
        obligations, which should have been paid under the policy, or resulting

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production

Page **12** of 18

Certified Document Number: 64435945 - Page 12 of 18

from the failure to pay claims under the policy in a timely manner;

f)     Exemplary damages in a minimum amount of $200,000.00 (Two Hundred
       Thousand Dollars.

## XVI.
## JOINT AND SEVERAL LIABILITY

45.    Plaintiffs would show the Court and/or Jury that Defendants are jointly and
severally liable for all of their damages as set out in this lawsuit.

## XVII.
## REQUEST FOR DISCLOSURE

46.    Pursuant to Tex. R. Civ. P. 194, Plaintiff now requests that Defendant disclose
within fifty (50) days of service of this lawsuit, the information or materials described in
Tex. R. Civ. P. 194.2 (a), (b), (c), (d), (e), (f)(1), (f)(2), (f)(3), (f)(4) (A) and (B); (g), (h),
(i) and (l).

47.    Pursuant to Rule 190.2 (b)(6), Plaintiff now requests that within 50 days of being
served with this lawsuit, Defendant disclose and provide Plaintiff's Attorney-in-Charge
with copies of all documents, electronic information and tangible evidence in the care,
custody or control of Defendant that support its claims or defenses in this lawsuit.
Defendant has within its care, custody and/or control that support it as expressly stated
in Rule 190.2, this Request for Disclosure of the aforementioned documents, electronic
information and items of tangible evidence that support Defendant's claims or defenses
in this lawsuit.

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*

Page **13** of 18

Certified Document Number: 64435945 - Page 13 of 18

**XVIII.**
**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION**

48.     Pursuant to Tex. R. Civ. P. 196.2 (a), Plaintiffs now serve Defendants with

the following, their First Requests for Production, to be responded to within 50 days

of Defendants after service of this pleading and First Requests for Production:

(a)     True and correct and complete copies of each and every Policy of Insurance
         that BLACC sold and/or issued to Wanda Sorensen;

(b)     A true and complete copy of BLACC's underwriting file and or files for each
         and every Policy and or Policies of Insurance that BLACC sold and/or issued
         to Wanda Sorensen.

(c)     A complete copy of all tangible evidence reflecting all payments collected
         by BLACC for premium payments for any Policy or Policies of Insurance
         that BLACC collected through any form of payment from Wanda Sorensen,
         including but not limited to tangible records of automatic payments that
         BLACC received from any bank account, checking account, credit card
         account or any other financial institution through which BLACC collected
         automatic premium payments for any Policy and or Policies of Insurance
         that BLACC sold to Wanda Sorensen through any agent, servant and/or
         employee;

(d)     True and correct copy of each and every agreement(s) that BLACC had
         with any individual and/or individuals who sold and/or marketed any Policy
         and/or Policies of Insurance to Wanda Sorensen;

(e)     A complete copy of each and every letter that BLACC sent to Wanda Sorensen

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
*Plaintiffs' Original Petition, Request for Disclosure and Request for Production*
Page **14** of **18**

Certified Document Number: 64435945 - Page 14 of 18

relating to each Policy and/or Policies of Insurance BLACC sold and/or issued to Wanda Sorensen;

(f)    A copy of all tangible evidence reflecting payment to any agent or agents, denominated in this lawsuit as John Doe and Joe Doe for commission payments made by BLACC to "John Doe," "Joe Doe" and/or each and every individual who received commissions or any other form of payment from BLACC for the sale of any Policy and/or Policies of  BLACC Insurance to Wanda Sorensen;

(g)    A true and correct copy of each and every electronic communication, e-mail, correspondence, e-mail, or any other form of communication from BLACC resulting from inquiries by Sorensen or any individual acting on Sorensen's behalf relating to his inquiries about any Policy or Policies of Insurance that BLACC sold and or issued to Wanda Sorensen.

(h)    A complete copy of each and every claims file, whether in paper and/or a printout of claims file materials stored in electronic format  relating to Wanda Sorensen's claims for BLACC Insurance benefits;

(i)    A true and correct copy of any correspondence that BLACC claims that  it sent Wanda Sorensen providing her with notifications relating to any  BLACC Policy of Insurance or Policies of Insurance issued by BLACC to Wanda Sorensen;

(j)    A complete true and correct copy of any proof of mailing of correspondence that BLACC claims it or its agents, servants and/or employees mailed to

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 *Plaintiffs' Original Petition, Request  for Disclosure and Request for Production*

Page **15** of 18

Certified Document Number: 64435945 - Page 15 of 18

Wanda Sorensen relating to Notice of Cancellation of any Policy and/or Policies of Insurance BLACC issued to Wanda L. Sorensen;

(k)     A copy of BLACC's log or other record reflecting mailing of notices of intent to cancel or notices of cancellation  to Wanda Sorensen of any Policy and/or Policies of Insurance issued to her by BLACC;

(l)     A complete copy of all applications, automatic financial institution premium payment authorizations that Wanda Sorensen signed and/or provided BLACC for payment of any BLACC Policy and/or Policies of Insurance sold and/or marketed to her by BLACC and/or John Doe and/or Joe Doe or any other agent, servant and/or employee of BLACC.

(m)     A true and correct copy of any and all brochures, or marketing materials that that John Doe and/or Joe Doe or any BLACC agent, servant and/or employee or BLACC delivered, gave, mailed or disseminated to Wanda Sorensen about the benefits and/or protection Wanda Sorensen would be afforded by purchasing any Policy and/or Policies of Insurance from BLACC or any of its agents, servants and/or employees.

(n)     A true and correct copy of any recorded statement from Sorensen, Wanda Sorensen or any other individual in the care, custody and/or control of BLACC relating to any Policy of Insurance issued to Wanda Sorensen by BLACC, or any effort by Sorensen to obtain benefit or information about Wanda Sorensen's BLACC Policy or Policies issued to Wanda Sorensen and a transcript of any recorded statement of Wanda Sorensen, Sorensen or any agent of the State of Texas who investigated matters relating to Wanda

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production

Page **16** of 18

Certified Document Number: 64435945 - Page 16 of 18

Sorensen's BLACC Policy or Policies;

(o)    A true and correct copy of any tangible evidence showing that Wanda

Sorensen's bank and or any financial institution authorized by her to

make automatic monthly premium payments for her BLACC Policy

or Policies notified BLACC that Mrs. Sorensen's financial institution

bank or checking account had insufficient funds on deposit to make

one or more monthly premium payment(s) and notifications from

BLACC to Mrs. Sorensen that her bank or financial institution had

Insufficient funds on deposit to make one or more automatic monthly

premium payments.

(p)     BLACC's computations and worksheets, whether in electronic or

through hand calculations reflecting the formula, including any

computations for interest relating to its offer to refund premiums paid by

Wanda Sorensen to BLACC for premium payments made by her to

BLACC;

## XIX
## PRAYER

49.    Plaintiff prays that Notice and Citation issue upon Defendants and upon final

hearing or trial in this cause, Plaintiff have judgment against Defendants, Jointly and

Severally, for all of their damages, including Punitive Damages in the minimum amount

of $200,000.00 (Two Hundred Thousand Dollars) as provided by Law;

50.    That Defendants fully respond to Plaintiffs Requests for Disclosure and First

 Request for Production within 50 days of being served with Notice and Citation and

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production
                                                                Page **17** of **18**

Certified Document Number: 64435945 - Page 17 of 18

a copy of this pleading.

51.    That Plaintiffs have a Trial by Jury in this lawsuit and that the Court note on its

Docket Sheet that a Jury Fee is being paid at the time of the filing of this lawsuit;

52.    That Plaintiffs be awarded reasonable and necessary attorney's fees and costs for

the prosecution of this lawsuit for Defendants' breach of contract and violations of the

Texas Deceptive Trade Practices Act;

53.   That the Court grant Plaintiffs any and all other relief to which they may be justly

Entitled at Law or in Equity.


                                    Respectfully submitted,



                            _s/s Kenneth D. McConnico___
                            KENNETH D. McCONNICO
                            McCONNICO LAW FIRM
                            STATE BAR NO. 13449000
                            830 APOLLO STREET
                            HOUSTON, TEXAS 77058
                            PHONE:  281-286-7779
                            FAX: 281-286-9990


                            STEVEN A. WISCH
                            STATE BAR NO. 21802900
                            2701 LOUISIANA STREET
                            HOUSTON, TEXAS 77006-3521
                            PHONE:  713-882-3030
                            FAX:  713-523-4150

                            ATTORNEYS FOR PLAINTIFFS

*Kresten L. Sorensen, Individually, et al vs. Bankers Life And Casualty Company, et al,*
 Plaintiffs' Original Petition, Request  for Disclosure and Request for Production



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 19, 2015

Certified Document Number:        64435945 Total Pages:  18

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/27/2015 3:25:15 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4318224
By: CUERO, NELSON
Filed: 2/27/2015 3:25:15 PM

Case 4:15-cv-00770   Document 1-3   Filed in TXSD on 03/24/15   Page 1 of 1

## OCA- CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **2015-11706 / Court: 190**   COURT *(FOR CLERK USE ONLY)*:

STYLED: Kresten L. Sorensen, Individually and The Estate
of Wanda Sorensen V Bankers Life + Casualty Company etal..
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Kenneth D. McConnico | Email:<br>ken@mcconnicolaw.com | Plaintiff(s)/Petitioner(s):<br>Kresten L. Sorensen<br>The Estate of Wanda Sorensen | ☑ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>830 Apollo Street | Telephone:<br>281-286-7779 | | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br>Houston, Texas 77058 | Fax:<br>281-286-9990 | Defendant(s)/Respondent(s):<br>Bankers Life and Casualty Company<br>John Doe<br>Joe Doe | Non-Custodial Parent: |
| Signature: | State Bar No:<br>13449000 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>___<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>___ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>Liability: ___<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br>___<br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>___<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>Pre-indictment<br>☐ Other: ___ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br><br><br>**Other Family Law**<br>☐ Enforce Foreign<br>Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>of Minority<br>☐ Other: ___ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>Rights<br>☐ Other Parent-Child:<br>___ |

| Employment | | Other Civil | | |
|---|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: ___ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: ___ |

**EXHIBIT 4**

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

Eff. 2010



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 19, 2015

Certified Document Number:      64435947 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# CHRIS DANIEL

## HARRIS COUNTY DISTRICT CLERK



*RECORDER'S MEMORANDUM*
*This instrument is of poor quality*
*at the time of Imaging*

CONFIRMED FILE DATE: 2/27/2015

## Civil Process Pick-Up Form

**CAUSE NUMBER:** **2015 11706**

**ATY**_____   **CIV** ✓   **COURT** 190

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Kenneth D. McConnico   PH: 281 286 7779

*CIVIL PROCESS SERVER: Lone Star Delivery : Process #104

*PH: 281 935 4048

*PERSON NOTIFIED SVC READY: Dominique

* NOTIFIED BY: *Nelson Cuero*

DATE: 2/27/2015

---

Type of Service Document: CITC     Tracking Number 73107777

Process papers prepared by: *Nelson Cuero*

Date: Friday, February 27, 2015     30 days waiting 03_-__29_____-__15____

*Process papers released to: Samuel Leal
(PRINT NAME)

281 229-8587
*(CONTACT NUMBER)          (SIGNATURE)

*Process papers released by: _____
(PRINT NAME)

_____
(SIGNATURE)

* Date: 3.3-15, 2015   Time: 1039 (AM) / PM

**EXHIBIT
5**

Certified Document Number: 64538271 - Page 1 of 1

Revised 12-15-2014



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 19, 2015

Certified Document Number:        64538271 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**